## TURNER *v.* STATE.

(Division B.   Jan. 8, 1934.)

[151 So. 721.   No. 30725.]

J. O. Eastland and S. E. Ormond, of Forest, and W. C. Eastland, of Doddsville, for appellant.

**B. B. Allen** and **P. W. Allen,** both of Indianola, for appellant.

**W. H. Maynard,** Special Agent, for the State.

Argued orally by **W. C. Eastland**, for appellant, and by **W. H. Maynard**, for the State.

**Griffith, J.,** delivered the opinion of the court.

There are a number of assignments of error in regard to the details of the trial, but upon examination of them we have concluded that no one of them, separately considered, constitutes reversible error. Nor do we think that the peremptory instruction should have been given. There was enough evidence, although barely enough, to escape that instruction. But the motion for a new trial should have been granted on the assigned ground that the verdict is contrary to the great or overwhelming weight of the evidence.

The case is weak on all its facts, the prosecution hangs on slender threads, whereas the evidence for the defendant is of cogent and consistent strength throughout, with corroboration upon every material issue. When there has been a conviction on such a record, it is our duty to examine the transcript in the minutest detail, and, far removed as we are from the influences and forces which sometimes operate in mysterious ways in and around a local trial, we must with an impartial solicitude seek to ascertain whether or not there was something, not according to the law of the land, which may have turned the verdict upon such slender and attenuated testimony.

We find several such indications in this record, but we will mention only one of the several occurrences, since the one we select for mention will give an insight into what happened.

The indictment was returned in this case on March 21, 1933. At the same term and on April 5, 1933, the defendant was put to trial. The defendant was not separately indicted, but jointly with him and in the same indictment every one of the witnesses to the homicide was indicted; and not only, but another person, Milo Moten, was also included in the joint indictment, all for murder. Milo Moten was not even present, and his only offense was that he had been in the company of the defendant earlier in the evening, and hearing of the homicide went to the dead body in a short while thereafter. It is manifest from this record that substantially all the facts that could be ascertained are shown in this transcript, and the facts show that there could not have been before the grand jury which returned this indictment a shred of evidence which would authorize the indictment as to Willie Hall and Milo Moten, if that evidence had been scrutinized by the grand jury with even a casual concern for the right.

The institution of the grand jury among our forefathers had as its greatest object the security of the subject against unfounded persecutions and arbitrary oppressions by the crown and those acting in the name of the crown. And it has been retained in all our constitutions in this country in the faith and hope that here it will ever remain as a means of protection against arbitrary and unfounded accusations and persecutions, whether of official oppression or private enmity. And thus the law is that grand jurors must not return indictments without evidence, and an indictment without substantial evidence is an assault, not only upon the rights of the citizen, but is a blow at constitutional government. Every person with the qualifications to be drawn on a

grand jury knows and understands the fundamental truth of the above observations.

How then did Willie Hall and Milo Moten come to be indicted jointly with this defendant, since there was and is no evidence against them? The answer must be that it was to discredit them as witnesses and to cripple the defendant in making his defense. And since there was an influence moving in and around that courthouse of sufficient potentiality to get this improper thing done, shall we not have good and just reason to apprehend as a probability that the same influence was still in force at the same term of court when the petit jury came to the box, when we see other indications of unjust action, and when we see that a verdict of guilty was returned upon evidence so weak as this transcript carries?

Without further comment, we add only that we are not satisfied to allow this conviction to stand on this record, there being sufficient in it from many angles to introduce the probability that the verdict was not the true and impartial finding of an uninfluenced jury.

Reversed and remanded.